UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CARLIE WOLF a/k/a CARLIE JACKSON,<br><br>Defendant. | 5:23-CR-50062-RAL<br><br>OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCING REDUCTION |

Defendant Carlie Wolf a/k/a Carlie Jackson (Wolf) pleaded guilty to and was convicted of conspiracy to distribute a controlled substance, involving 500 grams or more of cocaine. This Court sentenced Wolf on November 27, 2023, to just 24 months' imprisonment followed by three years of supervised release. Doc. 38. She is serving her sentence at Waseca FCI, with a projected release date presently of March 9, 2025. See www.bop.gov/inmateloc. Wolf filed a pro se motion for sentence reduction asserting that she is a zero-point offender. Doc. 40.

Wolf's guidelines range, based on a total offense level of 19 and a Criminal History Category of I, was 30–37 months. Wolf received one criminal history point for a 2020 conviction for simple assault intentionally causing bodily injury from state court in Hot Springs, South Dakota. Given the drug quantity involved, a five-year mandatory minimum sentence would ordinarily apply, but Wolf was "safety valve" eligible because she was in Criminal History Category I and had no gun enhancement. This Court varied downward from the 30 to 37 months guideline range based on Wolf's personal history and characteristics. Doc. 38-1 at 3. Wolf had

1

complied with pretrial release conditions, had been a successful athlete on a college basketball scholarship before abusive relationships and drug use derailed her life, and was working to complete her college degree while on pretrial release. Doc. 36 at 3, 11-14.

Despite having one criminal history point, Wolf believes she is a zero-point offender. In Part B, Subpart 1 to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission, effective November 1, 2023, added what now appears in §4C1.1(a), providing a 2-offense-level reduction for many offenders who present zero criminal history points. The new provision states:

> §4C1.1. Adjustment for Certain Zero-Point Offenders
> (a) ADJUSTMENT.—If the defendant meets all of the following criteria:
>   (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>   (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
>   (3) the defendant did not use violence or credible threats of violence in connection with the offense;
>   (4) the offense did not result in death or serious bodily injury;
>   (5) the instant offense of conviction is not a sex offense;
>   (6) the defendant did not personally cause substantial financial hardship;
>   (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>   (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
>   (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
>   (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; decrease the offense level determined under Chapters Two and Three by 2 levels.

On August 24, 2023, the Sentencing Commission determined that this change would apply retroactively. The Sentencing Commission further directed that a court granting relief may not order the release of a defendant to occur any earlier than February 1, 2024. See § 1B1.10(e)(2) (Nov. 1, 2023).

Wolf fails to meet the criteria for such a sentence reduction. Eligibility for a sentence reduction for zero-point offenders requires a person to have arrived at sentencing with zero

2

criminal history points. U.S.S.G. § 4C1.1(a)(1) (requiring "the defendant did not receive any criminal history points"). Wolf had one criminal history point due to the state court simple assault conviction. Thus, she does not qualify for a reduction under U.S.S.G. § 4C1.1.

If Wolf were a zero-point offender, she would get a two-level reduction in her total offense level, which would have lowered her guideline range from 30 to 37 months down to 24 to 30 months. Wolf received a 24-month sentence. In short, this Court in granting her a downward variance treated her as if she were a zero-point offender, though she is not. Therefore, it is

ORDERED that Wolf's motion for sentence reduction, Doc. 40, is denied.

DATED this 16th day of August, 2024.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE